UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

In re:

Amanda Sue Moses

Case No. __10-24401__

Chapter 13
Honorable: Daniel Opperman

Debtor(s)
_____/

# CHAPTER 13 PLAN

[ X ]Original        [ ] Pre-Confirmation Modification #_____        [ ] Post-Confirmation Modification #_____

**1. NOTICE TO CREDITORS AND ANY PARTY IN INTEREST**
**You have been named as a creditor or party in interest by the above Debtor(s) who proposes this Chapter 13 Plan of Reorganization that may affect your rights.**

**You should read this plan carefully. Confirmation of this Plan by the Bankruptcy Court may modify your rights by allowing payment of less than the full amount of your claim, and bind the Debtor(s) and Creditors to the terms of this Plan.**

**If you oppose any provisions of this Plan you must file a written Objection to Confirmation of this Plan by the deadline fixed by Court Rules or a Court Order. (See L.B.R.3015-3(E.D.M.))**

**If you have a claim you need to file a Proof of Claim with the Bankruptcy Clerk by the claims deadline.**

**2. FUNDING OF PLAN**
The future earnings of the Debtor(s) shall be submitted to the supervision and control of the Trustee who shall receive payments for a term of:

    [ ] 3 years;      [ ] 4 years;    [ x ] 5 years; or   [ ] _____ months.

Not later than 30 days after the filing of the order for relief, the Debtor(s) shall begin making periodic payments to the Trustee as follows:

    [ ] $_____ weekly;                         [x] $_138.46_____ every two weeks;
    [ ] $_____ monthly;                        [ ] $_____ twice per month.

[  ] Additionally, the Debtor commits for payment into the Plan  [  ] 100%;  [  ] 50%; but not less than $_____ each year of all future income tax refunds to which the Debtor is entitled during the duration of the Plan and the Debtor shall not alter any withholding exemptions without first obtaining approval from the Trustee.

[  ] Other funding provisions of the Plan are as follows:
_____
_____

### 3. DISBURSEMENTS

From the funds received by the Debtor, and after confirmation of the Plan or as otherwise authorized by the Court or Court Rules, the Trustee shall make disbursements as described in the categories below and in the order presented as follows:

### 3(A); Domestic Support Obligation(s), entitled to priority status per 11 U.S.C. §507(a)(1)(A)

The Debtor(s) is required to make payment(s) to the following holder(s) of a Domestic Support Obligation:

| NAME | ADDRESS | CITY | STATE/ZIP CODE |
|------|---------|------|----------------|

The pre-petition Domestic Support Obligation(s) is entitled to priority status pursuant to 11U.S.C. §507(a)(1)(A) and shall be paid in full through the plan if a proof of claim has been timely paid, and shall be paid prior to all other claims except the administrative expenses of the Trustee.

### 3(B); Pre and Post Confirmation Adequate Protection Payments Adequate Protection Payments:

The Trustee shall disburse to the following creditors holding a purchase money security interests in personal property, 30% of the regular monthly obligation, and to the lessors of personal property 100% of the regular monthly obligation, (See L.B.R.4001-7(a)(3)(E.D.M )) **if the conditions stated below are satisfied:**

| CREDITOR | COLLATERAL DESCRIPTION |
|----------|------------------------|
| **Huntington National Bank** | **2004 GMC Envoy** |

**CONDITIONS TO BE SATISFIED BY THE CREDITOR(S) FOR THE COMMENCEMENT OF ADEQUATE PROTECTION PAYMENTS:**

**(i)**  A proof of claim with adequate proof of a security interest attached setting forth the amount of the regular monthly obligation is filed by the Creditor and served on the Trustee and the Debtor(s) by the 14th day of the month prior to the next regularly scheduled monthly disbursement by the Trustee, and;

**(ii)**  A stay is in effect as to the secured or leased property.

Adequate Protection Payments under this section may commence pre-confirmation and continue monthly post-confirmation, if necessary, until attorney fees and expenses for the Debtor(s) have been paid in full, and shall then continue until any post-confirmation mortgage or executory contract on real estate arrears has been fully cured.  Thereafter, payments to the creditor(s) named above shall be paid pursuant to the applicable provision(s) of this Plan.

The Trustee will be paid a fee equal to the applicable statutory percentage fee on all Adequate Protection Payments made under this provision.

If the Trustee has insufficient funds on hand to make all of the required Adequate Protection Payments, then such payments shall be made pro rata based on the monthly payments required.

### 3(C);  Administrative Expense Claims.
The Trustee shall pay any unpaid filing fees due the Clerk. Then the Trustee shall be paid a percentage fee as determined by the United States Trustee for disbursements under this Plan.

The court approved fees and expenses of the attorney for the Debtor(s) shall be paid by the Trustee from any funds remaining after the monthly disbursement for post-confirmation Adequate Protection Payments, if any.

Post-confirmation attorney fees and expenses for the Debtor(s) shall be approved by the court and paid as an Administrative Expense in the same manner as pre-confirmation attorney fees and expenses by resuming the applicable post-confirmation Adequate Protection Payment provision of this Plan until paid in full.


### 3(D); Other Payment Provisions for Domestic Support Obligation(s).

The Debtor(s) is required to make payment(s) to the following holder(s) of a Domestic Support Obligation:

| NAME | ADDRESS | CITY | STATE/ZIPCODE |
| --- | --- | --- | --- |
|  |  |  |  |

Payment to these holder(s) of a Domestic Support Obligation(s) shall be made in the following manner:

**[ ]** If this box is checked, the holder(s) of a Domestic Support Obligation(s) will be paid directly by the Debtor(s) and not the Trustee, and the automatic stay with respect to this claim(s) shall be lifted upon confirmation on the Plan.

**[  ]** If this box is checked, the pre-petition Domestic Support Obligation(s) shall be paid in full through the plan by deferred cash payments if a proof of claim has been timely paid. The disbursement by the Trustee on this claim shall be by equal monthly payments over the term of the plan, but subsequent to the payment of Adequate Protection Payments, Administrative Expense Claims and the regular monthly mortgage or executory contract payment on the Debtor(s) principal residence or other real property.

If the Trustee has insufficient funds on hand to make the required equal monthly payment, then the payment on this Domestic Support Obligation(s) shall be made pro-rata together with the monthly payments due Secured Creditor(s), Other Secured Creditor(s), pre-petition arrears, executory contract or unexpired lease holders, and Special Unsecured Claims, if any.

If the Trustee has excess funds available after the disbursement of the equal monthly payments to Secured Creditors, executory contract or unexpired lease holders, pre-petition arrears claim(s), Special Unsecured Claim(s), and Domestic Support Obligations, if any, then the excess funds shall be paid pursuant to the provision as recited in SECTION G.

**[  ]** If this box is checked, the Debtor(s) Domestic Support Obligation has been assigned to a governmental unit and the Plan's term is a five (5) year period. Only a portion of the pre-petition Domestic Support Obligation will be paid through this Plan. The remaining portion not paid at the completion of the Plan shall not be discharged and the Debtor(s) will continue to be responsible to make further payments.
$_____ is the portion to be paid through this Plan if a proof of claim has been timely filed. The disbursement by the Trustee on this amount shall be by equal monthly payments over the term on the plan, but subsequent to the payment of Adequate Protection Payments, all administrative expense claims and the regular monthly mortgage or executory land contract payment on the Debtor(s) principal residence, however, if the Trustee has insufficient funds on hand to make the required equal monthly payment, then the payment on this portion of the Domestic Support Obligation(s) shall be made pro-rata together with the claims due secured creditors, pre-petition arrears, executory contract or unexpired lease holders, and Special Unsecured Claims.

### 3(E);  Secured Claims - Mortgage or Executory Contracts on Real Property

The following creditor(s) hold a mortgage on the Debtor(s) principal residence or other real property, which lien shall be retained by the creditor, or is a vendor with respect to an executory contract that is assumed by the Debtor(s) on their principal residence or other real property, and the amount of the regular monthly payment is as follows:

| CREDITOR NAME | COLLATERAL DESCRIPTION | MARKET VALUE | MONTHLY PAYMENT |
|---|---|---|---|
|  |  |  |  |

Subsequent to Administrative Expense Claims, and for the remaining term of this Plan, the trustee shall pay the regular monthly payment and any post-petition arrears to the creditor(s) as shown above, which includes interest at the contract rate, and applicable escrow, if any, unless paid directly by the Debtor(s) or surrendered as indicated below.

The escrow, if any, may be adjusted in accordance with the contract upon notification to the Trustee and the Debtor(s) attorney. The trustee is authorized to submit an amended Payment Order for entry without further notice to reflect any increased obligation caused by an escrow adjustment. (See L.B.R.3001-2(E.D.M.))

If the Trustee has insufficient funds on hand to make the required mortgage or executory contract payments, then such payments shall be made pro rata based on the monthly payments required.

If the Trustee has excess funds available after the disbursement of the equal monthly payments to secured creditors, executory contract or unexpired lease holders, pre-petition arrears claim(s), Special Unsecured Claim(s), and Domestic Support Obligations, if any, then the excess funds shall be paid pursuant to the provision as recited in SECTION G.

## DIRECT PAYMENTS BY THE DEBTOR(S)

If a secured creditor(s) is listed below, the regular monthly payment on the Debtor(s) principal residence or other real property will be paid directly by the Debtor(s) and not by the Trustee as the Debtor(s) is current on the debt(s).

| CREDITOR NAME | MONTHLY PAYMENT |
|---|---|
| **Wells Fargo Home Mortgage** | **$690.00** |

## SURRENDER OF THE PRINCIPAL RESIDENCE OR OTHER REAL PROPERTY

If a secured creditor(s) is listed below, the Debtor(s) will surrender their principal residence or other real property to the following mortgage creditor(s) or executory contract vendor(s), and the automatic stay shall be lifted upon confirmation of the Plan. "Surrender" is defined in the context of this paragraph as the 11 USC § 362 automatic stay being lifted for the mortgagee upon confirmation of this plan and the mortgagee having the right to commence a foreclosure action pursuant to the laws of the State of Michigan. The debtor(s) shall continue to hold the rights afforded them under the laws of the State of Michigan, including the right to possession of the real property during the redemption period.

CREDITOR NAME

## LIEN STRIPPING OF MORTGAGE CREDITOR

If a mortgage creditor is listed below, the lien of the following mortgage creditor(s) shall be stripped from the Debtor(s) principal residence for the reason there is no equity to support a secured claim, and their claim(s) shall be treated entirely as an unsecured claim. Upon the successful completion of this plan the lien of these mortgage creditor(s) shall be removed by providing the Debtor(s) with a recordable mortgage discharge.

CREDITOR NAME

### 3(F); Pre-Petition Arrears - Mortgage or Executory Contracts on Real Property.

If a mortgage is in arrears pre-petition, the pre-petition arrears will be cured with interest at the contract rate if the mortgage was executed prior to October 22, 1994 or without interest if the mortgage was executed after October 22, 1994.

Cure of any pre-petition arrears shall be disbursed in equal monthly amounts by the Trustee pursuant to 11 USC § 1325(a)(5)(B)(iii)(I). The equal monthly amounts will begin being disbursed after the court approved fees and expenses of the attorney for the debtor are paid by the Trustee. Pre-petition mortgage arrears shall be cured within 36 months of this plans confirmation.

If the Trustee has insufficient funds on hand to make the required equal monthly payment, then the pre-petition arrears shall be paid pro rata together with the monthly payments due Secured Creditor(s), Other Secured Creditor(s), executory contract or unexpired lease holders, Special Unsecured Claims, and Domestic Support Obligation(s), if any.

If the Trustee has excess funds available after the disbursement of the equal monthly payments to secured creditors, executory contract or unexpired lease holders, pre-petition arrears claim(s), Special Unsecured Claim(s), and Domestic Support Obligations, if any, then the excess funds shall be paid pursuant to the provision as recited in Section 2(G).

### 3(G); General Terms Applicable to Personal Property Secured Claims, Executory Contracts or Unexpired Leases.

The General Provisions as recited in this Section 3(G) shall be applicable to any personal property secured claim(s), executory contract(s), or unexpired leases.

The disbursement by the Trustee on personal property secured claim(s), executory contract(s) or unexpired leases shall be subsequent to the payment of Adequate Protection Payments, certain Domestic Support Obligation(s), Administrative Expense Claims, and the regular monthly mortgage or executory contract or unexpired lease holder payment on the Debtor(s) principal residence or other real property.

Secured creditor(s) shall retain their liens until the earlier of the full payment of their underlying debt as determined under non-bankruptcy law, or a Discharge Order is entered by the Bankruptcy Court. If this case is dismissed or converted to another proceeding before completion of the Plan, secured creditors shall continue to retain their liens to the extent recognized by applicable non-bankruptcy law.

Upon confirmation of the Plan by the Bankruptcy Court, the annual interest rate recited for a personal property secured creditor(s) will be binding on that creditor(s) unless a timely written objection to confirmation is filed and sustained by the Bankruptcy Court.

**Although you may believe your claim is a secured claim, it may nonetheless be classified as an unsecured claim, and be treated as such. UNLESS YOUR CLAIM IS SET FORTH SPECIFICALLY IN THIS PLAN AS A SECURED CLAIM, THE DEBTOR(S) IS PURPOSELY**

CLASSIFYING YOUR CLAIM AS UNSECURED AND IT WILL BE TREATED AS AN UNSECURED CLAIM DESPITE YOUR BELIEF THAT IT IS A SECURED CLAIM. ACCORDINGLY, YOU MUST TIMELY OBJECT TO CONFIRMATION OF THIS PLAN, OR YOU WILL BE DEEMED TO HAVE ACCEPTED THIS PLAN'S TREATMENT OF YOUR CLAIM.(SEE L.B.R.3015-3 (E.D.M.))

If the Trustee has insufficient funds on hand to make the required equal monthly payments to Secured Creditor(s), Other Secured Creditor(s), and executory contract or unexpired lease holders, then these creditor(s) shall be paid pro rata together with the monthly payment due on the pre-petition arrears claim(s), Special Unsecured Claim(s), and Domestic Support Obligation(s), if any.

If the Trustee has excess funds available after the disbursement of the equal monthly payments to Secured Creditor(s), Other Secured Creditor(s), executory contract or unexpired lease holders, pre-petition arrears claim(s), Special Unsecured Claim(s), and Domestic Support Obligations, if any, then the excess funds shall be paid towards any post-confirmation payments due these creditor(s) under this Plan but not yet paid. Thereafter, any excess funds shall be paid towards the pre-petition arrears claim(s) until paid in full. Thereafter, any remaining excess funds shall be paid pro rata, based on the equal monthly payments of this Plan, as a pre-payment of the equal monthly payments due to Secured Creditor(s), Other Secured Creditor(s), Special Unsecured Claims, and Domestic Support Obligations, if any, until paid in full prior to any distribution to unsecured claims.

**3(H); Secured Claims – Purchase Money Security Interest in Motor Vehicles incurred within 910 days prior to the petition filing date and/or other collateral incurred during the one year period preceding the petition filing date.**

*(Please note that the General Provisions in Section G are applicable to this section)*

The secured creditor(s) that qualify for treatment in this section, their collateral, and the annual interest rate to be paid on their claim are identified as follows:

| CREDITOR NAME | COLLATERAL DESCRIPTION | INTEREST RATE |
|---|---|---|
|  |  |  |

The Secured Creditor(s) listed above shall be paid by the Trustee, after being adjusted for any Adequate Protection Payments, the remaining amount of their claim in equal monthly payments over the remaining term of the plan and any post-petition arrears, unless paid directly by the Debtor(s) or surrendered as indicated below, or the section directly below is checked to "cram down" the amount of the secured claim to the replacement value of the collateral for those creditors listed above and also named in the Other Secured Claims section of the Plan as shown in Section I.

If the Trustee has insufficient funds on hand to make the required equal monthly payments, then the Secured Creditors listed above shall be paid pro rata together with the monthly payments due Other Secured Creditor(s), the pre-petition arrears claim(s), Special Unsecured Claim(s), and Domestic Support Obligation(s), if any.

If the Trustee has excess funds available after the disbursement of the equal monthly payments to Secured Creditor(s), Other Secured Creditor(s), executory contract or unexpired lease holders, pre-petition arrears claim(s), Special Unsecured Claim(s), and Domestic Support Obligations, if any, then the excess funds shall be paid pursuant to the provision as recited in Section G.

### ALTERNATIVE "CRAM DOWN" PROVISION

**[   ]** If this box is checked, the Assisted Person(s) proposes to "cram down" the amount of the secured claim to the replacement value of the collateral for those creditors listed above and also named in the Other Secured Claims section of this Plan as shown in Section I even though the claim is a purchase money security interest in a motor vehicle incurred within 910 days prior to the petition filing date and/or other collateral during the one year period preceding the petition filing date.

This provision will be applicable only if the affected creditor consents to this treatment of their claim by signing the proposed Order Confirming Plan. If accepted, this Plan provision shall be binding upon confirmation of the Plan by the Court.

### DIRECT PAYMENTS BY THE DEBTOR(S)

If a secured creditor is listed below, the secured creditor(s) will be paid directly by the Debtor(s) and not by the Trustee as the Debtor(s) is current on the debt(s).

CREDITOR                                                           COLLATERAL DESCRIPTION

### SURRENDER OF SECURED CREDITOR(S) COLLATERAL

The collateral listed below held by the Debtor(s) shall be surrendered within 30 days after confirmation of the Plan to the following secured creditor(s) in satisfaction of their secured claim(s), and the automatic stay be lifted upon confirmation of the Plan.

CREDITOR                                                           COLLATERAL DESCRIPTION

### 3(I);  Other Secured Claims

*(Please note that the General Provisions in Section G are applicable to this section)*

All other secured creditors shall be paid the replacement value of their collateral. The excess of these secured claim(s) over the replacement value of their collateral shall be paid in the same manner as general non-priority unsecured claims. Other secured creditors, their collateral, its replacement value, and the annual interest rate to be paid, are identified as follows:

| CREDITOR NAME | COLLATERAL DESCRIPTION | REPLACEMENT VALUE | INTEREST RATE |
|---|---|---|---|
| **Huntington National Bank** | 2004 GMC Envoy | $11,150 | 5.25% |

The other secured creditors identified in this section shall be paid by the Trustee, after being adjusted for any Adequate Protection Payments, the replacement value of their claim in equal monthly payments, and any post-petition arrears, over the remaining term of the plan, unless paid directly by the Debtor(s) or surrendered as indicated below.

If the Trustee has insufficient funds on hand to make the required equal monthly payments to Other Secured Creditor(s), then they shall be paid pro rata together with the monthly payments due Secured Creditor(s), the pre-petition arrears claim(s), Special Unsecured Claim(s), and Domestic Support Obligation(s), if any.

If the Trustee has excess funds available after the disbursement of the equal monthly payments to Secured Creditor(s), Other Secured Creditor(s), executory contract or unexpired lease holders, pre-petition arrears claim(s), Special Unsecured Claim(s), and Domestic Support Obligations, if any, then the excess funds shall be paid pursuant to the provision as recited in SECTION G.

**The Debtor(s) has stated the replacement value of the collateral as listed above. If a secured creditor claims a different replacement value, or different interest rate, then that creditor MUST TIMELY OBJECT TO THE CONFIRMATION OF THIS PLAN (SEE L.B.R.3015-3(E.D.M.)), AND THE REPLACEMENT VALUE AND/OR INTEREST RATE DISPUTE WILL BE LITIGATED AND DECIDED AS PART OF THE CONFIRMATION HEARING. Failure to timely object to the confirmation of this Plan shall be deemed to be an acceptance of this Plan's statement of replacement value and interest rate. This is notice that the Confirmation Hearing is also a hearing pursuant to F.R. BANKR.P.3012, VALUING YOUR SECURED CLAIM.**

## DIRECT PAYMENTS BY THE DEBTOR(S)

The following other secured creditor(s) will be paid directly by the Debtor(s) and not by the Trustee as the Debtor(s) is current on the debt(s), and the replacement value of the collateral exceeds the creditor's claim(s): (See L.B.R.3070-1(E.D.M.)).

CREDITOR                                              COLLATERAL DESCRIPTION

## SURRENDER OF SECURED CREDITOR(S) COLLATERAL

The collateral listed below held by the Debtor(s) shall be surrendered within 30 days after confirmation of the Plan to the following other secured creditor(s) in satisfaction of their secured claim(s), and the automatic stay shall be lifted upon confirmation of the Plan.

CREDITOR                                              COLLATERAL DESCRIPTION

## 3(J); Executory Contracts or Unexpired Leases on Personal Property.

*(Please note that the General Provisions in Section G are applicable to this section)*

The following creditor(s) hold an executory contract or unexpired lease on personal property that is assumed by the Debtor(s), and the amount of the regular monthly payments are as follows:

| CREDITOR NAME | COLLATERAL DESCRIPTION | MONTHLY PAYMENT |
|---|---|---|
| | | |

After being adjusted for any Adequate Protection Payments, and for the remaining term of this Plan, the trustee shall pay the regular monthly payment and any post-petition arrears to the creditor(s) as shown above, unless paid directly by the Debtor(s) as indicated below.

If pre-petition arrearage exists, it shall be cured by equal monthly payments during the remaining term of the Plan.

If the Trustee has insufficient funds on hand to make the required monthly payment, then the payment for executory contract or unexpired lease holders shall be paid pro-rata together with the monthly payments due by Secured Creditor(s), Other Secured Creditor(s), Special Unsecured Claim(s), Domestic Support Obligation(s), and pre-petition arrears claim(s), if any.

If the Trustee has excess funds available after the disbursement of the equal monthly payments to Secured Creditor(s), Other Secured Creditor(s), executory contract or unexpired lease holders, pre-petition arrears claim(s), Special Unsecured Claim(s), and Domestic Support Obligations, if any, then the excess funds shall be paid pursuant to the provision as recited in SECTION G.

**Any executory contract or unexpired lease not listed herein is rejected. The automatic stay shall be lifted upon confirmation of the Plan with respect to any rejected executory contract or unexpired lease.**

## DIRECT PAYMENTS BY THE DEBTOR(S)

The regular monthly payment to the following executory contract or unexpired lease holder(s) will be paid directly by the Debtor(s) and not by the Trustee as the Debtor(s) is current on the debt(s). The lease(s) below are assumed by the debtor(s).

| CREDITOR | COLLATERAL DESCRIPTION |
|---|---|

**3(K); Special Unsecured Claims.**

The timely filed claims of the following unsecured creditor(s) shall be paid in full with interest at the original contract rate by deferred cash payments.

CREDITOR NAME

The reason for the special treatment to these unsecured creditor(s) is as follows:

[ ] The claim is one on which an individual other than the Debtor(s) is also liable or has pledged their own property.

[ ] The claim is not dischargeable, or is otherwise entitled to special treatment for the following reasons:
_____

_____

The Special Unsecured Creditors listed above in this section shall be paid their claim by theTrustee in equal monthly payments, and any post-petition arrears, over the remaining term of the plan.

If the Trustee has insufficient funds on hand to make the required equal monthly payment, then the payment on the Special Unsecured Claim(s) shall be paid pro-rata together with the monthly payments due Secured Creditor(s), Other Secured Creditor(s), executory contract or unexpired lease holders, Domestic Support Obligation(s), and pre-petition arrears claim(s), if any.

If the Trustee has excess funds available after the disbursement of the equal monthly payments to Secured Creditor(s), Other Secured Creditor(s), executory contract or unexpired lease holders, pre-petition arrears claim(s), Special Unsecured Claim(s), and Domestic Support Obligations, if any, then the excess funds shall be paid pursuant to the provision as recited in SECTION G.

**3(L); Priority Unsecured Claims other than a Domestic Support Obligation.**
All claims entitled to priority status pursuant to 11 U.S.C. §507, other than a Domestic Support Obligation, shall be paid in full through the Plan in deferred cash payments if a proof of claim has been timely filed, and shall be paid pro rata, but subsequent to the payment of Administrative Expense Claims, Domestic Support Obligation claim(s), and the monthly payments to Secured Claim(s), Other Secured Claim(s), executory contract or unexpired lease holders, Special Unsecured Claims, and pre-petition arrears claims(s), if any.

**3(M); General Non-Priority Unsecured Claims**

After payment of all claims described above, the Trustee shall disburse on a pro-rata basis any remaining funds to general non-priority unsecured creditors whose claims are timely filed.

An estimate of the percentage dividend to be paid to general non-priority unsecured creditors is

shown on the attached worksheet.  The present value of the amount to be distributed to general non-priority unsecured creditors through this Plan is not less than the amount that would be paid on such claims if the estate of the debtor were liquidated under a Chapter 7 proceeding, as shown in the liquidation analysis set forth at the end of the Plan. (See L.B.R. 3015-1(b)(E.D.M.))

If the liquidation analysis demonstrates that general non-priority unsecured claims would be paid 100% in a hypothetical Chapter 7 proceeding, such general non-priority unsecured claims shall receive an additional 5% annual interest during the term of the Plan until paid in full.

## 4. GENERAL PROVISIONS:

### 4(A); Effective Date and Plan Completion.
The Effective Date of this Plan shall be the date of confirmation.  This plan shall be complete when the trustee has received all of the payments required by this plan, regardless of the percentage of recovery creditors might have received.

### 4(B); Model Plan Exceptions.

This Plan is identical to the standard Chapter 13 Model Plan adopted for use in the Eastern District of Michigan in all respects except as follows: THIS PLAN HAS ELIMINATED EXHIBITS AND IS IN LONG FORM.  IT DOES NOT PROVIDE FOR PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS FOR MORTGAGE HOLDERS ON THE DEBTOR(S)' PRINCIPAL RESIDENCE OR OTHER REAL PROPERTY IN WHICH THE LIEN SHALL BE RETAINED BY THE CREDITOR OR FOR A VENDOR WITH RESPECT TO AN EXECUTORY CONTRACT THAT IS ASSUMED BY THE DEBTOR ON THEIR PRINCIPAL RESIDENCE OR OTHER REAL PROPERTY. THIS PLAN ALSO DEFINES IN PARAGRAPH 3(E) SURRENDER OF PRINCIPAL RESIDENCE OR OTHER REAL PROPERTY.  THIS PLAN ALSO PROVIDES FOR THE CURE OF ANY PRE-PETITION ARREARS TO BE DISBURSED IN EQUAL MONTHLY AMOUNTS BY THE TRUSTEE PURSUANT TO 11 USC § 1325(a)(5)(B)(iii)(I).  THE EQUAL MONTHLY AMOUNTS WILL BEGIN BEING DISBURSED AFTER THE COURT APPROVED FEES AND EXPENSES OF THE ATTORNEY FOR THE DEBTOR ARE PAID BY THE TRUSTEE.

### 4(C);  Unscheduled Creditors Filing Claims.
If a creditor's claim is not listed in the Debtor(s) schedules, but the creditor nonetheless timely files a proof of claim, the Trustee is authorized to classify the claim into one of the classes described above, and to pay the claim consistent with that classification.

### 4(D);  Post-petition Claims
After the notice requirements of L.B.R. 3015-2(c)(E.D.M.)have been satisfied, any post-petition claim filed under 11 U.S.C. 1305 shall be paid in the same manner that claims of a similar type are paid (e.g.:  post-petition tax claims entitled to priority shall be paid as allowed pre-petition priority tax claims; post-petition non-priority unsecured claims will be paid as allowed pre-petition non-priority unsecured claims, etc.).

**4(E);  Property of the Estate and Disposal of Non-exempt Property.**
Upon confirmation of the Plan, all property of the estate shall vest in the Debtor(s), except for the future earnings of the Debtor(s), and other property specifically devoted to the Plan. Further, the Debtor(s) may not dispose of any claimed non-exempt real or personal property without complying with L.B.R. 6004-2(E.D.M.). The Debtor(s) shall remain in possession of all property of the estate unless specifically provided otherwise.

**4(F); Debtor(s) Duty To Maintain Insurance.**
The Debtor(s) shall maintain all insurance required by law and contract upon property of the estate and the Debtor(s) property. Failure by the Debtor(s) to maintain proper insurance coverage could result in a hearing before the Bankruptcy Court by a creditor seeking to enforce their rights which may include remedies such as the lifting of the Stay Order or Dismissal of the case.

**4(G);  Injunction Against Future Indebtedness.**
Upon confirmation of this Plan, the Debtor(s) may not, during the Plan's term, incur credit in excess of $1,500.00 without prior consent of the Trustee, except for a student loan to be paid by the Debtor(s) directly outside the Plan, or refinancing of the principal residence or other real estate of the Debtor(s) for the purpose of acquiring funds to pay their Chapter 13 Plan in full.

**4(H); Effect of Orders Lifting Stay on Disbursements.**
No disbursement shall be made by the Trustee to any secured creditor for whom the Automatic Stay has been lifted until such time as an amended claim is filed by such creditor.

**4(I);  Tax Return Disclosure.**
All of the Debtor(s) tax returns that were due within four years prior to the date of the petition have been filed except as follows:
_____
_____

**4(J);  Prohibition Against Post-petition Tax Set-offs.**
Any post-petition tax refund due the Debtor(s) shall not be used by any government agency to set-off any pre-petition obligation of the Debtor(s).

**4(K);  Discharge and Duty of Secured Creditors.**
After completion by the Debtor(s) of all payments under this Plan:
(a)  the Debtor(s) will receive a discharge of debts; and
(b)  any secured creditor whose claim has been fully paid shall execute and deliver to the Debtor(s) such mortgage discharge, release or termination statement as is, or may be, required by law to release any lien secured by property of the Debtor(s). (See L.B.R.2015-5 (E.D.M.))

**4(L);  Debtor Engaged in Business.**
[  ] If this box is checked, the Debtor(s) is self-employed, and

[  ] does not;         [  ] does        incur trade credit in the production of income.

The Debtor(s) is aware of the duties required by 11 U.S.C. §1304(b) and (c) regarding the operation of their business and shall comply with the provisions of L.B.R. 3015-1(a)(8) and

2003-2(a)(b) (E.D.M.) unless the Bankruptcy Court orders otherwise.

**4(M); Other Provisions.**
The Plan includes the following additional provision(s): Debtor shall continue to pay her student loan debt directly outside this plan.  The student loan creditor(s) shall accept these direct payments.

Dated:11/30/10                             /s/ Amanda Sue Moses
                                           Amanda Sue Moses, Debtor




Prepared by: /s/ Joshua M. Reinert
             REINERT & REINERT
             JOSHUA M. REINERT (P66185)
             Attorney for Debtor(s)
             3434 Davenport
             Saginaw, MI 48602
             (989) 799-8860
             mchurch@mcreinert.com

## LIQUIDATION ANALYSIS

If this were a case under Chapter 7, the dividend to unsecured creditors is estimated as follows:

| ITEM | VALUE | LIEN | EQUITY | EXEMPTION | NONEXEMPT |
|---|---|---|---|---|---|
| Residence per §522(d)(1) | 90,000 | 78,209 | 11,791 | 11,791 | 0 |
| 2004 GMC per §522(d)(2) | 11,150 | 12,932 | 0 | 0 | 0 |
| 2001 Pontiac per §522(d)(5) | 2,500 | 0 | 2,500 | 2,500 | 0 |
| Household use property per §522(d)(3) | 6,000 | 0 | 6,000 | 6,000 | 0 |
| Personal Jewelry per §522(d)(4) | 8,000 | 0 | 8,000 | 8,000 | 0 |
| Bank Accounts per §522(d)(5) | 1,000 | 0 | 1,000 | 1,000 | 0 |
| Sporting Equip. per §522(d)(5) | 700 | 0 | 700 | 700 | 0 |
| Personal Clothing per §522(d)(3) | 1,500 | 0 | 1,500 | 1,500 | 0 |

# CHAPTER 13-MODEL WORKSHEET

| PLAN PAYMENTS: | | TOTALS |
|---|---|---|
| PRE-CONFIRMATION: (Multiply)<br>__1__ Periodic Payments X | $ 300.00  each | $ 300.00 |
| POST-CONFIRMATION: (Multiply)<br>__60__ Periodic Payments X | $ 300.00  each | $ 18,000.00 |
| Estimated Tax Refunds: | | $ |
| Other Funding Provisions: | | $ |
| **TOTAL ESTIMATED PLAN PAYMENTS:** | | $ 18,300.00 |
| **DISBURSEMENTS:** | | |
| Trustee Fees | $ 732.00 | |
| Attorney Fees | $ 3,000.00 | |
| House Payments:<br>__ payments x $_____ each | | |
| Arrearage: | $ | |
| **SECURED CLAIMS (INCLUDING INTEREST):** | | |
| Creditor:  Huntington National Bank | $ 13,317.15 | |
| **SPECIAL UNSECURED CLAIMS:** | | |
| Creditor:_____ | $ | |
| **TOTAL ADMINISTRATIVE, SECURED AND SPECIAL CLAIMS:** | | $ 17,049.15 |
| **ESTIMATED FUNDS FOR UNSECURED CLAIMS:** | | $ 1,250.85 |
| Priority Claims Per Schedule "E" | | $ 0.00 |
| Estimated Funds for Non-Priority Unsecured Claims | | $ 1,250.85 |
| Unsecured Claims Per Schedule "F" (less GSL) | $ 27,583.00 | |
| Secured Deficiency Claims | $ 1,782.00 | |
| Total Non-Priority Unsecured Claims | | $ 29,365.00 |
| **ESTIMATED PERCENTAGE DIVIDEND TO NON-PRIORITY UNSECURED CLAIMS** | | 4% |

**THIS COMPUTATION OF THE PERCENTAGE DIVIDEND IS AN ESTIMATE ONLY**